
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JASMINE RANGEL,<br><br>             Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br>L.E.A.D. TASK FORCE, YAKIMA<br>POLICE DEPARTMENT,<br>IMMIGRATION AND CUSTOM<br>ENFORCEMENT AGENCY, and<br>CUSTOMS AND BORDER PATROL,<br><br>             Defendants. | NO. CV-09-3061-EFS<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTIONS TO DISMISS** |

    Before the Court, without oral argument, are Defendant United States' Motion to Dismiss (Ct. Rec. 24) and Defendant Yakima Police Department's Motion to Dismiss (Ct. Rec. 28). For the reasons set forth below, the Court grants Defendants' motions.

## I. Background

    On June 25, 2009, Plaintiff Jasmine Rangel filed a complaint in this Court in which she alleged that Defendants United States, L.E.A.D. Task Force, and the Yakima Police Department unlawfully seized personal property in connection with a drug forfeiture proceeding at four

ORDER ~ 1

locations in Washington.  (Ct. Rec. 1.)  Although Defendants had a warrant, Plaintiff alleged that they seized property not mentioned in the warrant, that she did not receive proper notice, and there is insufficient evidence to show that the articles seized were connected with drug trafficking.  Plaintiff requested that the Court order Defendants to return the property.

On August 25, 2009, the Court ordered Plaintiff to amend her complaint and re-file within sixty days of that Order.  (Ct. Rec. 7.) Thereafter, Plaintiff sought and obtained two extensions to amend her complaint.  (Ct. Recs. 9 & 12.)  On April 27, 2010, Plaintiff filed an Amended Complaint adding Immigration and Custom Enforcement Agency and Customs and Border Patrol as defendants.  *Id*.

In the meantime, on December 17, 2009, Rogelio Moreno-Garcia, on behalf of himself, Ms. Rangel, and eleven others, removed a related case from Yakima County Superior Court.  Mr. Moreno-Garcia and his co-plaintiffs alleged constitutional violations arising out of the seizure of the same personal property from three of the same locations.[1]  That case was dismissed without prejudice on July 9, 2010, for insufficient service of process.

////
////
///
//
/

---

[1] The Complaint says that Defendants seized property from four locations, but lists only three.

ORDER * 2

## II. Discussion

Defendants move under Federal Rule of Civil Procedure 12(b)(5)[2] to dismiss the Complaint because none of the parties has been properly served with the Summons or Complaint. Plaintiff did not respond. Because the Court finds that service was improper, the Complaint is dismissed with leave to amend.

In order for the Court to exercise jurisdiction over a defendant, the defendant must be served properly. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). The plaintiff has the burden of showing that service of process was sufficient. *Wells v. City of Portland*, 102 F.R.D. 796, 799 (D. Or. 1984). To serve the United States, the plaintiff must deliver a copy of the summons and complaint to the United States Attorney for the district in which the action is brought and send by registered or certified mail a copy to the Attorney General of the United States. Fed. R. Civ. P. 4(i). To serve an agency of the United States, the plaintiff must serve both the United States and the agency by registered or certified mail. *Id.* A plaintiff serving a local government must either deliver a copy of the summons and complaint to the government's chief executive officer or accomplish service under the state's law. Fed. R. Civ. P. 4(j)(2). A plaintiff must submit an affidavit asserting that service was accomplished, and must effect

---

[2] A party asserting an insufficient service of process defense must assert it by answer or by pre-answer motion under Rule 12(b)(5). Fed. R. Civ. P. 12(b). Here, Defendants did not make a general appearance without disputing sufficiency of service (Ct. Recs. 11, 16, 17, & 23) so that defense was not waived.

ORDER \* 3

service within 120 days after the complaint is filed. Fed. R. Civ. P. 4(l), 4(m).

As an initial matter, no summons was issued in this case. Because a "summons must be served with a copy of the complaint," Fed. R. Civ. P. 4(c)(1), service was insufficient for lack of summons. Plaintiff did, however, attach to the end of her initial Complaint a "Proof of Service" signed by Antolin Andrew Marks. This document indicates that a copy of the Complaint was sent by first class mail to the United States Customs and Border Patrol Office in Seattle, Washington, the Yakima Prosecutor's Office, the L.E.A.D. Task Force Supervisor in Zillah, Washington, and two United States Attorneys' Offices in Yakima, Washington.

Plaintiff's attempt to serve the United States failed because she did not personally serve a summons and complaint on a local U.S. Attorney. Furthermore, because she did not mail a copy to the U.S. Attorney General in Washington, D.C., she failed to properly serve the United States and its agencies, the U.S. Customs and Border Control and Immigration and Custom Enforcement.

The municipal defendants were not properly served either. The Yakima Police Department is not a legal entity separate from the City of Yakima, and it lacks capacity to be sued. *Stiffarm v. City of Pullman Police Dep't*, No. CV-04-0414-EFS, 2007 WL 870343, at *5 (E.D. Wash. Mar. 20, 2007); *see also Van Vilkinburgh v. Wulick*, No. C07-5050FDB, 2008 WL 2242470, at *1 (W.D. Wash. May 29, 2008) (citing *United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005) and *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)). Plaintiff's claim lies with the City of Yakima ("City"). She did not serve a complaint and summons on the City's chief executive officer, or follow the procedures required under RCW

ORDER * 4

4.28.080(2) for service of process on cities.  Therefore, service on the City was improper as well.

In sum, Plaintiff failed to accomplish service of process upon all Defendants.  And because Plaintiff did not timely respond to Defendants' motions, the Court may assume she consents to dismissal.[3]  LR 7.1(e). Accordingly, Plaintiff's Complaint is dismissed without prejudice.

### III. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1. Defendants' Motions to Dismiss **(Ct. Recs. 24 & 28)** are **GRANTED**. Plaintiff's Complaint **(Ct. Rec. 1)** and Amended Complaint **(Ct. Rec. 13)** are **DISMISSED without prejudice** as to Defendants United States of America, Immigration and Custom Enforcement Agency, Customs and Border Patrol, LEAD Task Force, and Yakima Police Department.

2. **Judgment** is to be entered in Defendants' favor.

3. All hearings and pending dates and deadlines are **STRICKEN.**

4. This file shall be **CLOSED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to distribute copies to Plaintiff and counsel.

**DATED** this ___13th___ day of September 2010.


                         s/Edward F. Shea
                         EDWARD F. SHEA
                United States District Judge

Q:\Civil\2009\3061.Dismiss.wpd

---

[3] On July 15, 2010, the Court notified Plaintiff, as a pro se litigant, that her "failure to file a response [would] constitute [her] consent to the Court, granting the motion."  (Ct. Rec. 27.)

ORDER * 5